UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEJANDRO GARCIA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § CIVIL ACTION NO. 4:24-CV-04938 <br> § <br> WESTCHESTER SURPLUS LINES § <br> INSURANCE COMPANY, § <br> § <br> Defendant. § <br> § | |

**DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant Westchester Surplus Lines Insurance Company ("Defendant" or "Westchester") hereby removes the action styled and numbered *Alejandro Garcia v. Westchester Surplus Lines Insurance Company,* Cause No. 202474841, pending in the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446:

### I.    SUMMARY OF NOTICE

1. Plaintiff Alejandro Garcia ("Plaintiff") commenced this action on October 25, 2024 by filing Plaintiff' Original Petition ("Original Petition") in the 234th Judicial District Court of Harris County, Texas —Cause No. 202474841.[1]

2. This lawsuit arises out of Plaintiff's claim for coverage under a commercial property insurance policy issued by Defendant for damage purportedly sustained to a commercial

---

[1] *See*, Plaintiff's Original Petition, attached as **Exhibit B**.

property. By way of the Petition, Plaintiff asserts common law and statutory causes of action against Defendant.

3. Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and Defendant, removal of this action is proper under 28 U.S.C. 28 U.S.C. § 1332(a).

## II. STATE COURT ACTION

4. Plaintiff commenced this action on October 25, 2024 by filing Plaintiff's Original Petition in the 152nd District Court, Harris County, Texas – Cause No. 202474841.

5. Defendant was served with a copy of the Original Petition on November 14, 2024. Defendant thus files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B). The Petition names Westchester as the only defendant in the lawsuit.

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

## III. BASIS FOR REMOVAL

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. These two conditions are satisfied in this matter.

**A.** **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

8. According to Plaintiff's Original Petition, Plaintiff is an individual who resides in Harris County, Texas. Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

9. Defendant Westchester Surplus Lines Insurance Company is an insurance company incorporated in the State of Georgia with its principal place of business in Pennsylvania. Defendant is thus a citizen of Georgia and Pennsylvania for diversity jurisdiction purposes.

10. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Georgia and Pennsylvania, complete diversity of citizenship exists between the parties to this lawsuit.

B. **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

11. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . ."[2]

12. Here, Plaintiff's pre-suit notice letter states that Plaintiff demanded $97,500.00[3] and $250,000 or less in Plaintiff's Original Petition.[4] Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest and costs, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

---

[2] *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[3] *See* Plaintiff's Pre-Suit Notice Letter, attached as **Exhibit B-1**, at p. 3.

[4] *See* Plaintiff's Original Petition, attached as **Exhibit B**, at p. 2.

## IV.   COMPLIANCE WITH 28 U.S.C. § 1446

14.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to all adverse parties promptly after the filing, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

15.   As required by 28 U.S.C. § 1446(a) and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a.   All executed process in this case, attached as **Exhibit A**;

   b.   Plaintiff's Original Petition, attached as **Exhibit B**;

   c.   Plaintiff's Pre-Suit Notice letter, attached as **Exhibit B-1**;

   d.   State Court Docket Sheet, attached as **Exhibit C**;

   e.   An index of matters being filed, attached as **Exhibit D**; and

   f.   List of all counsel of record, attached as **Exhibit E**.

## V. CONCLUSION

WHEREFORE, Defendant Westchester Surplus Lines Insurance Company requests that this action be removed from the 234th District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By:    */s/ Eric K. Bowers*
Eric K. Bowers
Texas Bar No. 24045538
ebowers@zellelaw.com
Alexander J. Masotto
Texas Bar No. 24126023
amasotto@zellelaw.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on December 16, 2024:

Kristina Frankel
TBA No. 24050625
kfrankel@dalyblack.com
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk Street, Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile: (713) 655-1587

**ATTORNEYS FOR PLAINTIFF**

   */s/ Eric K. Bowers*
Eric K. Bowers